UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEASING SERVICES, LLC, | |
| Plaintiff, | |
| v. | Case No. 10-CV-695-JPS |
| IAM NATIONAL PENSION FUND, and NATIONAL IAM BENEFIT TRUST FUND, | |
| Defendants, | |
| v. | ORDER |
| UNITED LEASING ASSOCIATES OF AMERICA, LTD., | |
| Third-Party Defendants. | |

On April 18, 2011, defendants IAM National Pension Fund and National IAM Benefit Trust Fund (collectively, "IAM") filed an Amended Answer and Counterclaim (Docket #19) following the court's granting leave to do so. The amended pleading sought to add United Leasing Associates of America, Ltd. ("United") as a defendant to IAM's counterclaim. On July 21, 2011, United filed a Motion to Dismiss or for More Definite Statement (Docket #22). In turn, on August 11, 2011, IAM filed a Motion to Amend/Correct Answer and Counterclaim (Docket #23) seeking leave to file a Second Amended Answer and Counterclaim that would cure any defects identified by United. The court will deny United's motion to dismiss and grant IAM's motion to amend.

In its motion to dismiss, United asserts a host of perceived procedural defects with IAM's original Amended Complaint and Counterclaim. United first asserts that it has not been properly joined because IAM failed to move the court under Federal Rule of Civil Procedure 14(a)(1) for leave to file a third-party complaint, and failure to file a third-party complaint. A large majority of United's arguments flow from this initial assertion, i.e., that there is no jurisdiction over United because no third-party complaint was served on United in accordance with Rule 4(c)(1); there was insufficient process as IAM served a third-party summons but no third-party complaint; there was insufficient service of process for the same reason; IAM failed to state a claim because United was not properly joined and counterclaims may only be asserted against parties to the action, nor is there a proper third-party complaint; IAM did not file a proper third-party complaint prior to issuance of the summons according to Rule 4; IAM's claims against United are improper because Rule 7 identifies a third-party complaint as a proper pleading, yet IAM did not file a proper third-party complaint, nor did IAM satisfy Rule 7(b) because it failed to state its earlier motion to amend was pursuant to Rule 14(a)(1); the Amended Answer and Counterclaim fails to state the grounds for jurisdiction over United per Rule 8(a)(1); and the Amended Answer and Counterclaim does not properly identify United as a third-party defendant pursuant to Rule 10(a). United also complains that IAM failed to plead fraud in the inducement with the particularity required under Rule 9(b), and also failed to join Union Office Solutions, an allegedly necessary and indispensable party. Despite United's choice to make its

motion more convoluted than necessary,[1] it boils down to three arguments: IAM failed to file a proper third-party complaint, failed to plead fraud with particularity, and failed to join a necessary party.

1.   Proper Form of Pleading

United's first complaint is essentially that IAM failed to file a proper third-party complaint per Rule 14. According to that rule, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). However, Rule 13 governs the filing of counterclaims, and it provides that Rules 19 and 20 control the addition of a person as a party to a counterclaim. Fed. R. Civ. P. 13(h). Rule 20 allows permissive joinder of defendants where any claim is asserted against them, jointly or severally, with respect to the same transaction, or where there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

A case from the Eastern District of Pennsylvania illustrates the difference between Rule 14 and Rule 13 nicely. There, the defendants counterclaimed against the plaintiffs and simultaneously filed a third-party complaint against two employees of the plaintiffs. *Balt. & Ohio R.R. Co. v. Central Ry. Servs., Inc.*, 636 F. Supp. 782, 783-84 (E.D. Pa. 1986). The third-party complaint closely mirrored the counterclaims. *Id.* at 784. The plaintiffs moved to strike the third-party complaint, and the third-party defendants

---

[1] The motion reads as if a first-year law student was given a copy of the Federal Rules of Civil Procedure and told to make every possible argument imaginable to reach the same conclusion. What's more, for all United's procedural nit picking, it should be noted that United failed to adhere to Civil Local Rule 7(a) which *requires* a moving party to accompany its motion with a supporting memorandum or a certificate stating that no memorandum will be filed. Civil L. R. 7(a). United did neither.

joined that motion, arguing that the third-party complaint did not comply with Rule 14. *Id.* at 785. Citing Rule 14, as well as *Federal Practice and Procedure*, the court explained that third-party complaints involve attempts to transfer liability asserted against the defendant, by the original plaintiff, to the third-party defendant. *Id.* at 786 (citing 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1446 (1971)). The court noted that a third-party complaint under Rule 14 is thus distinguished from situations where the third-party claims arise from the same transaction or set of facts, stating that "[a] mere factual relationship is insufficient under Rule 14." *Id.* The court found that the third-party complaint was not proper because the claims were not based upon the plaintiffs' claims against the defendants, but rather based upon the defendants' counterclaims against the plaintiffs. *Id.* Though there was a factual relationship, that was insufficient. *Id.* The court then declined to strike the pleading because Rule 13(h) governed impleader of non-parties as defendants to counterclaims, and the defendants had satisfied that standard by joining the third-party defendants with a party already involved in the action (the plaintiffs). *Id.*

As a final note, Rule 21 provides that misjoinder is not a ground for dismissing an action. Fed. R. Civ. P. 21. Further, the only other rule regarding service applicable here is Rule 5, which provides that a pleading filed after the original complaint must be served upon every party. Fed. R. Civ. P. 5(a)(1)(B).

By the language of Rule 14, a third-party complaint is used where the nonparty may be liable to the defendant for the plaintiff's claim against the defendant. But here, IAM is asserting separate claims for rescission of the leases and restitution of amounts already paid to United, not a claim that United is actually liable for Leasing Service, LLC's claims against IAM for as-

yet-unpaid amounts under the leases. As in *Baltimore & Ohio*, the mere factual relation to the claims made by Leasing Services, LLC does not transform IAM's counterclaim into a third-party complaint that must have been filed as a separate complaint and served along with a third-party summons. Instead, IAM's counterclaim was properly filed, and United was properly joined. Moreover, IAM properly served United with the pleading and, in any event, even if the rules were not followed to the letter, that is not a ground to dismiss the claims against United. As such, the court will deny United's motion in this regard.

2. Pleading Fraud

United next argues that IAM failed to state with particularity the circumstances constituting fraud in the inducement. Per Rule 9, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement generally involves describing "the 'who, what, when, where, and how' of the fraud," but "the requisite information . . . may vary on the facts," in order that the rule not be overly rigid. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). Here, IAM's proposed Second Amended Answer and Counterclaim describes a series of statements made regarding cancelling leases, participating in new leases, and the price of the new leases, as well as offers to pay off existing leases. (Second Am. Ans., at 5, ¶¶ 7-11) (Docket #23-2). It names the rough time frames, the location the statements were made, and the individuals making the statements. The court is satisfied that IAM has painted a sufficient picture of the alleged fraud. The court will grant IAM's motion to amend, and accordingly deny United's motion in this respect.

3.  Joinder of a Necessary Party

Finally, United argues that IAM's failure to join Union Office Solutions as a third-party defendant should result in dismissal under Rule 12(b)(7). Per that rule, failure to join a necessary party under Rule 19 is a ground for dismissal. Fed. R. Civ. P. 12(b)(7). A party must be joined where, without the party, "the court cannot accord complete relief among existing parties," or the party claims a related interest and is situated such that disposal of the action without the party would either impair the party's ability to protect the interest or leave the existing parties subject to a risk of incurring multiple or inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1).

United makes no actual argument other than a conclusory statement that Union Office Solutions is a necessary party. IAM does not address the issue at all. In its counterclaim, IAM has alleged that Union Office Solutions made a number of the fraudulent statements at issue and, that at all times relevant, Union Office Solutions was acting as the agent of United. First, the court is capable of according complete relief among the existing parties without the joinder of Union Office Solutions. IAM seeks rescission of leases and restitution based upon a theory of agency. If IAM succeeds in establishing that Union Office Solutions was the agent of United, then it is capable of succeeding on its claims against United as if United was the direct actor. The determination of agency does not rely on Union Office Solutions being a party to this action; evidence may establish the agency without Union Office Solutions' presence. Moreover, it is with United, not Union Office Solutions, that IAM entered into the actual lease agreements, so the court may not actually grant the relief sought as against Union Office Solutions. Second, Union Office Solutions does not have a related interest that will be

hampered without its presence. IAM seeks rescission of a lease to which Union Office Solutions is not a party. IAM further seeks restitution of monies paid under the terms of that lease only from United, not from Union Office Solutions (which of course is logical given that Union Office Solutions is not a party to the lease). At most, Union Office Solutions may have a tangential interest in that United might seek to hold it accountable for the fraud, but any effort on United's part to seek restitution from Union Office Solutions may be pursued as a separate action without fear of the instant action upsetting any given outcome. Finally, with no apparent interest, other than the possibility of liability to United, Union Office Solutions' absence will not leave any of the current parties at risk of incurring multiple or inconsistent obligations. As such, the court will deny United's motion on this ground as well.

Accordingly,

IT IS ORDERED that the third-party defendant's Motion to Dismiss (Docket #22) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the defendants' Motion to Amend/Correct Answer and Counterclaim (Docket #23) be and the same is hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge